# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

TROY RODDY
ADC #103051                                                                                    PLAINTIFF

V.                                      5:10CV00140 JLH/JTR

CONNIE HUBBARD,
ANP/Acting Director, Varner Unit, et al.                                          DEFENDANTS

## PROPOSED FINDING AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.     Why the record made before the Magistrate Judge is inadequate.

   2.     Why the evidence to be proffered at the requested hearing before the

>   United States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Troy Roddy, is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). In this *pro se* § 1983 action, he alleges that Defendants violated his constitutional rights by failing to provide him with adequate medical care for several medical problems. *See* docket entry #3. Remaining Defendants Connie Hubbard, Donna Gordon, Lisa Hall, Glen Babich, Estella Murray, Genia Snyder, and Karen McPherson have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts.[1] *See* docket entries #121, #122, and #124. Plaintiff has filed a Response. *See* docket entry #133.

Before discussing the merits of the current Motion, the Court will briefly summarize the relevant procedural history of this case:

---

[1] These five Defendants are medical care providers who work for Correction Medical Services, Inc. ("CMS"), which is a corporation that provides medical services to prisoners in the ADC. The Court has previously dismissed all other claims and Defendants.

1.      On May 10, 2010, Plaintiff commenced this *pro se* § 1983 action alleging that Defendants were failing to provide him with adequate medical care for herpes, a H-pylori infection in his stomach, peptic ulcers, and gastritis. *See* docket entry #3. On the same day, Plaintiff filed an Application to Proceed *In Forma Pauperis*. *See* docket entry #1.

2.      On May 25, 2010, the Court issued an Order acknowledging that Plaintiff was a well-established three striker, as defined by 28 U.S.C. § 1915(g). *See* docket entry #5. However, Plaintiff's allegations, if true, satisfied the imminent danger exception to the three strikes rule. *Id.* Thus, the Court granted Plaintiff permission to proceed *in forma pauperis* only on his claims that he was *currently* in imminent danger of serious physical injury due to the allegedly inadequate medical care he was receiving for herpes, a H-pyloria infection, peptic ulcers, and gastritis. *Id.*

## II.  Discussion

The CMS Defendants argues that they are entitled to summary judgment because Plaintiff has failed to timely and properly exhaust his administrative remedies on the forgoing claims.[2] *See* docket entries #121, #122, and #124. The Court concludes that this argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

---

[2] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file," that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007);[3] *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

Importantly, the PLRA requires inmates to: (1) fully and *properly* exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) complete the exhaustion process *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added). Additionally, the United States Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the *prison's requirements,* and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218 (emphasis added); *see also Woodford*, 548 U.S. at 90-91. Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully and properly exhaust administrative remedies about a medical problem within the ADC, a prisoner must: (1) file an informal resolution with the medical staff; (2) file a grievance to the Health Services Administrator if the attempt at informal resolution is unsatisfactory; and (3) appeal the Health Services Administrator's decision to the ADC Deputy Director for Health and

---

[3] In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

Correctional Programs. *See* docket entry #107, Exs. B and C (ADC Adm. Dirs. 07-03 and 09-01 § IV(E) through (G)). Additionally, the ADC exhaustion policy requires prisoners to "specifically name each individual involved" in the grievance. *Id.* (ADC Adm. Dirs. 07-03 and 09-01 § IV(C)(4)). Importantly, the grievance forms themselves remind prisoners that they must specify the "name of personnel involved." *Id.*, Ex. F.

### A. Status of Plaintiff's Exhaustion Efforts Prior to Commencing this Lawsuit on May 10, 2010

It is *undisputed* that Plaintiff did *not* name Defendants Gordon, Hall, McPherson, Snyder, Murray, or Babich in any of the medical grievances that he fully exhausted prior to commencing this action on May 10, 2010. *See* docket entries #107, #122, #130, and #133.

While Plaintiff did name Defendant Hubbard in two grievances that were fully exhausted prior to the commencement of this action, both of those grievances addressed alleged misconduct by Defendant Hubbard in 2008.[4] As previously discussed, Plaintiff has been granted permission to proceed *in forma pauperis* only with his claims that, in May of 2010, he was in imminent danger of serious physical injury due a *current* lack of adequate medical care for herpes and various stomach problems. The medical care Defendant Hubbard provided to Plaintiff in 2008 is *not* part of any of the claims currently pending in this action. If Plaintiff wishes to pursue those claims against Defendants Hubbard arising from the allegedly inadequate medical care provided to Plaintiff in 2008, Plaintiff must file a new § 1983 Complaint asserting those claims and pay the $350 filing fee in full.

---

[4] Grievance VU08-00047 alleges that, in January of 2008, Defendant Hubbard denied Plaintiff's request for a high calorie diet and antibiotics to treat an unspecified infection. Grievance VU08-00609 alleges that, in April and July of 2008, Defendant Hubbard failed to provide Plaintiff with adequate medical care for hypertension and an unspecified sexually transmitted disease. *See* docket entry #107, Exs. 6(1) and 6(3).

**B.     Grievances Plaintiff Exhausted After Commencing this Lawsuit on May 10, 2010**

Plaintiff has produced several fully exhausted grievances that specifically name the Defendants and deal with the allegedly inadequate medical care he was receiving, in 2010, for herpes and his various stomach problems.[5]  *See* docket entry #130, attachment; docket entry #133, Ex. 1.   However, the final appeals of each of those grievances were decided on June 30, 2010, which was a month *after* Plaintiff commenced this action.  *Id.*  As previously discussed, it is well settled that a prisoner must *complete* the exhaustion process *prior* to filing a lawsuit in federal court. *See Johnson,* 340 F.3d at 627; *Graves,* 218 F.3d at 885.

Thus, the Court concludes that Defendants are entitled to summary judgment because Plaintiff has failed to timely and properly exhaust his administrative remedies.[6]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     The CMS Defendants' Motion for Summary Judgment (docket entry #121) be GRANTED, and that the case DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly exhaust his administrative remedies.

2.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in

---

[5]  Those Grievances are VSM10-639, VSM10-695, VSM10-778, VSM10-1044,VSM10-1346, VSM10-1350, and VSM10-1609.

[6]  If Plaintiff wishes to proceed *in forma pauperis* with an claim that he is *currently* in imminent danger of serious physical injury due to a lack of adequate medical care he must: (1) file grievances that specifically name the Defendants and explain how each of them are currently providing him with constitutionally inadequate medical care for a specific medical condition; and (2) complete the final stage of the exhaustion process.  Once Plaintiff has done so, he may then file a new § 1983 Complaint, and *In Forma Pauperis* Application, raising those claims and clarifying how he is currently in imminent danger of serious physical injury.

good faith.

    Dated this 30th day of March, 2011.

                                                                       _____
                                                                       UNITED STATES MAGISTRATE JUDGE